### In the Matter of PENN CENTRAL TRANSPORTATION COMPANY, Debtor.

### Petition of BOROUGH OF HUNTINGDON to Require Debtor to Comply with Pennsylvania Public Utility Commission Order at Complaint Docket No. 18169.

### No. 70–347.

United States District Court,
E. D. Pennsylvania.

Dec. 5, 1975.

Blank, Rome, Klaus & Comisky by Edward W. Stern, Carl Helmetag, Jr., Paul Duke, James Howard, John E. Wallace, Jr., Ivan Shomer, Philadelphia, Pa., for trustees, Penn Central Transp. Co.

William E. Bethards, Asst. Atty. Gen., for Pa. Dept. of Transp.

Simpson & Yocum by Warren R. Yocum, Jr., Huntingdon, Pa., for Borough of Huntingdon.

Winthrop, Stimson, Putnam & Roberts by Edward A. Christensen, New York City, for Irving Trust Co., as indenture trustee.

John B. Wilson, Harrisburg, for Public Utility Commission.

## MEMORANDUM AND ORDER NO. 2116

FULLAM, District Judge.

The Borough of Huntingdon, the County of Huntingdon, the Pennsylvania Public Utility Commission (PUC), and the Pennsylvania Department of Transportation (PennDOT) have petitioned this Court to direct the Trustees to comply with a PUC order entered June 13, 1972. That order would require the Trustees to contribute in excess of $300,000 to the total cost of reconstruction of an existing highway-railroad underpass where state highway Route 46 crosses below the grade of the Trustees' railroad in the Borough of Huntingdon (hereinafter Penn Street underpass). In addition, the PUC order purports to appropriate an easement of indefinite duration of .781 acres of Debtor's property for the purpose of making the improvement, and takes a temporary easement of .381 acres of Debtor's property for construction purposes. The Trustees have not complied with the PUC's order.

 Section 77(c)(2) of the Bankruptcy Act (11 U.S.C. § 205(c)(2)) provides that the trustees in reorganization are not bound to comply with orders of state regulatory agencies which require the expenditure of funds from the Debtor's estate, unless the approval of the reorganization court is obtained. Although the reorganization court has the power to direct the Trustees to comply with the PUC order, despite their refusal to consent, the power will not be exercised in the absence of extraordinary circumstances. *See, e. g.,* Mem-

oranda and Orders Nos. 1649 and 1653. The present petition, and the evidence introduced in support of the petition, do not justify this Court's interference with the Trustees' decision not to comply with the state regulatory agency's order.

 The rail-highway crossing structure is in a good state of repair and is not in need of any maintenance. Petitioners have not alleged that the hazards posed by the Penn Street underpass are attributable to the operation of the Debtor's railroad. Rather, the deficiencies in the present structure are attributable to the increased number, size and speed of the vehicles traveling on Penn Street.[1] There is no basis for concluding that the Debtor has any control over the movement of the traffic on Penn Street, or that the Debtor is responsible in any way for the accidents which have occurred in the vicinity of the overpass, or that the existing structure poses a serious threat to the safety of the public.

My skepticism about the immediacy and gravity of the hazard posed by the Penn Street overpass is inferentially supported by PennDOT's refusal to commit any scheduled federal funds for use on this highway-railroad crossing project. Ordinarily, where highway conditions pose an immediate threat to the safety of the public, one would expect the State Department of Transportation to take all steps necessary to insure that the hazardous condition is corrected. However, in reference to the Penn Street overpass, the only actions taken by PennDOT have been to withdraw federal funds originally earmarked for this project, and to warn that "there is no guarantee that in the future the Department [PennDOT] will again sched-

ule federal funds for use on this highway-railroad crossing project." [2]

The Trustees originally requested this Court to enjoin the implementation of Paragraphs 5 and 6 of the PUC order, which provide for the appropriation of certain easements over the Debtor's property. This aspect of the matter is now merged in other pending proceedings herein (Document No. 9590), and need not now be considered.

## ORDER NO. 2116

And now, this 5th day of December, 1975, upon due consideration of the Petition to Require Debtor to Comply with the Order of the Pennsylvania Utility Commission, dated June 13, 1972, and the Answer of the Trustees to said Petition, it is ordered that the Petition is denied.

---

1. Petitioners describe the "unsatisfactory and hazardous conditions existing at the Penn Street stone arch underpass as including, *inter alia*, "restrictive horizontal and vertical clearances, restrictive sight distances, unsatisfactory gradient and severe alignment of the highway approaches, and inadequate drainage resulting from sub-elevation of the roadway within the underpass." These inadequacies are not directly or indirectly attributable to the operation of the railroad.

2. PennDOT's letter to this Court dated May 7, 1973.